**UNITED STATES of America, Appellee,**

v.

**Philip GROOB, Defendant-Appellant.**

**No. 344, Docket 71-1695.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 29, 1971.

Decided Nov. 17, 1971.

———◆———

Henry Putzel, III, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S.D.N.Y., Jan Stanley Horowitz, Asst. U. S. Atty., on the brief), for appellee.

Bruno Schachner, New York City (Herbert Berman, New York City, on the brief), for appellant.

Before LUMBARD, HAYS and OAKES, Circuit Judges.

PER CURIAM:

In this appeal from a conviction for bribing and for conspiring to bribe an Internal Revenue agent, appellant claims that the trial judge's charge to the jury on the issue of entrapment was erroneous, and that the conduct of the government agents in this instance was so unconscionable as to constitute entrapment as a matter of law. We find both these contentions without merit, and affirm the conviction.

■ The trial judge charged that the defense would have adequately raised the entrapment issue if the jury found "credible evidence" that government agents had induced Groob to commit a crime. Appellant claims that the word "credible" did not adequately define the burden of proof, and that the jury might even have assumed that the defense had to prove inducement beyond a reasonable doubt. We disagree. "Credible evidence" is virtually identical to "some evidence," which we have frequently upheld as the proper burden on the defense to raise the entrapment issue. United States v. Braver, 450 F.2d 799 (2d Cir. 1971) (if the jury "finds some evidence of government initiation of the illegal conduct, the government

has to prove beyond a reasonable doubt that the defendant was ready and willing to commit the crime"); United States v. Berger, 433 F.2d 680, 684 (2d Cir. 1970), cert. denied, 401 U.S. 962, 91 S.Ct. 970, 28 L.Ed.2d 246 (1971) and cases cited therein.

Appellant claims that the conduct of the government agent constituted entrapment as a matter of law. This court has only recently reaffirmed the well-settled rule that, since the entrapment defense is directed to avoiding guilt and not the propriety of governmental conduct, the issue is one for the jury. United States v. Mascia, 447 F.2d 111 (2d Cir. 1971) and cases cited therein.

Affirmed.

Butzner, Circuit Judge, dissented and filed opinion.

Winter and Craven, Circuit Judges, filed opinion dissenting from denial of rehearing en banc.